FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 09 2015

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Brady Hart,<br><br>Plaintiff<br><br>v.<br><br>21ST MORTGAGE CORPORATION<br><br>Defendant | CIVIL ACTION<br>FILE NO:<br><br>**1: 15-CV-3155**<br><br><br>JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

COMES NOW Plaintiff Brady Hart, and files this Verified Complaint against Defendant 21ST MORTGAGE CORPORATION, and shows unto this Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Brady Hart is an individual, a natural person, over the age of eighteen years and resident of GWINNETT County, Georgia.

2.  Plaintiff is the owner of the residential real property commonly known as 3211 Kittery Drive, Snellville, GA 30039 (hereinafter "Subject Property").

3.  Defendant is 21ST MORTGAGE CORPORATION a corporation organized under the laws of the State of Delaware, and they will be served through their Registered Agent on file at Georgia Secretary of State's Office: <u>Registered Agent</u>: **TOM TOPPING**, located at **1930 North Druid Hills Rd, Suite B, Atlanta, GA 30319, DEKALB County, Georgia.**

4.  At all times material to this Complaint, Defendant was doing business in the State of Georgia, and regularly continues to engage in business in GWINNETT County, Georgia.

5.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act ("FDCPA").  1

6.  Plaintiff is proceeding, pro per in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. **See,** *Laber v. Harvey*, 438 F.3d 404, 413n. 3 (4th Cir. 2006).

---

1 The Fair Debt Collection Practices Act (FDCPA) protects debtors from harassment by debt collectors. If a collector has violated the FDCPA, you can sue the collector in court. The FDCPA provides a range of damages for successful FDCPA lawsuits including monetary damages, attorneys' fees, and more.

7.  Plaintiff in this action is victim of unlawful acts perpetrated by Defendant, in efforts to unlawfully foreclose on Plaintiff's property. Scheduled date for foreclosure is OCTOBER 6, 2015.

8.  In doing so, Defendant has made numerous violations of the FDCPA, FCRA, O.C.G.A § 10-1-390 Fair Debt Collection Practices Act and the Credit Reporting Agency Act ("CCRAA"). 2

## DEFINITIONS

9.  Under the FDCPA 15 U.S.C. § 1692a(4) the term **"creditor"** means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he/she receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

10.  Under the FDCPA 15 U.S.C. § 1692a(5) the term **"debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the

---

2 The **Fair Debt Collection Practices Act** (**FDCPA**), Pub. L. 95-109; 91 Stat. 874, codified as 15 U.S.C. § 1692 –1692p, approved on September 20, 1977 (and as subsequently amended) is a consumer protection amendment, establishing legal protection from abusive debt collection practices, to the Consumer Credit Protection Act, as Title VIII of that Act. The statute's stated purposes are: to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection, and to provide consumers with an avenue for disputing and obtaining validation of debt information in order to ensure the information's accuracy.[1] The Act creates guidelines under which debt collectors may conduct business, defines rights of consumers involved with debt collectors, and prescribes penalties and remedies for violations of the Act. It is sometimes used in conjunction with the Fair Credit Reporting Act.[

subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

11.   Under the FDCPA 15 U.S.C. § 1692a(6) the term "**debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.   Under the FDCPA 15 U.S.C. § 1692e A **debt collector** may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

13.   Under the FDCPA 15 U.S.C. § 1692f – A **debt collector** may not use unfair or unconscionable means to collect or attempt to collect any debt.

14.   Under the FDCPA 15 U.S.C. § 1692i - (a) Any **debt collector** who brings any legal action on a debt against any consumer shall – in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.

15.   On or about July 2015, Plaintiff received a dunning 3 notice from Defendant's

---

3 make persistent demands on (someone), especially for payment of a debt.
"they would very likely start dunning you for payment of your taxes"

debt collection attorney, PENDERGAST & ASSOCIATES. At the time this notice was received, Plaintiff was in default.

**Excerpt out of Notice of Sale Under Power State of Georgia, County of Gwinnett:** "Because the debt remains in default, this sale will be made for the purpose of paying the same and all expenses of this sale…including attorneys fees (notice of intent to **collect** attorneys fees having been given." 4/9, 16, 23, 30.

16. Plaintiff has come to the understanding and belief, according to the FDCPA 15 U.S.C. § 1692a(4), and FDCPA 15 U.S.C. § 1692a(6), that Defendant here through their legal counsel PENDERGAST & ASSOCIATES is attempting to collect a debt which was obtained in default solely for the purpose of collecting on the alleged debt, which thereby made the Defendant through the Defendant's attorney "**debt collector**" as the term is defined above according to the FDCPA.

**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL AND NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.**

17. As a "**debt collector**" the Defendant has violated numerous FDCPA statues, and their violation has caused great harm to the Plaintiff. What this Court needs to understand is that the Defendant is a **DEBT COLLECTOR** and not a **CREDITOR**. 4

---

4 A **creditor** is a party (e.g. person, organization, or company) that has a claim on the services of a second party. It is a person or institution to whom money is owed. The first party, in general, has provided some property or service to the second party under the assumption (usually enforced by contract) that the second party will return an equivalent property and service. The second party is frequently called a debtor or borrower. The first party is the creditor, which is the lender of property, service or money. The term creditor is frequently used in the financial world, especially in reference to short-term loans, long-term bonds, and mortgage loans.

18.   Thereby, Defendant is not a creditor Defendant is a "DEBT COLLECTOR" and must adhere to debt collector laws and regulations.  5

19.   Here, Defendant has never provided any type of admissible evidence and has failed to validate the alleged debt. This complaint is not merely about the existence of an alleged debt, or even whether Defendant has a right to collect. This complaint is about Defendant's misrepresentation, and egregious actions, while attempting to collect on the alleged debt that has not yet been proven, and their failure to abide by the laws that mandate them while doing so.

## GENERAL ALLEGATIONS

20.   Plaintiff is informed and believes and therefore alleges that: This alleged debt was acquired by Defendant after it was in default.  According to FDCPA 15 U.S.C. § 1692a(6), if a debt is acquired while in default the entity that acquires it is considered to be a "**debt collector**."

21.   It is not relevant whether the debt was acquired through acquisition, assignment, or as successor in interest, as the statute makes no exception regarding the method of acquisition of the debt, **only that if the debt when acquired was in default** [it was in default with RESIDENTIAL FUNDING COMPANY since

---

5 At the bottom of 21ˢᵀ MORTGAGE CORP correspondence it states in font size 9; "21ˢᵀ MORTGAGE CORP is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

February 2012] and the entity that acquired it merely for collecting the debt than that entity is deemed a "**Debt Collector**" under the statute. That entity is the Defendant

22. So therefore it would not matter if the alleged debt was acquired by or through a successor in interest, even if they were able to provide a copy of the purchase assumption agreement which specifically list the alleged debt, including but not limited to the account number, amount owning on the alleged debt at the time of purchase, and the amount which was paid for alleged debt.

23. Here, Defendant is stating that there is non-payment of the alleged debt by Plaintiff yet they have not provided any acceptable documentation that evidences payment to the original lender – MORTGAGE LENDERS NETWORK USA - was ever recorded as delinquent.

24. The alleged debt was in default so that would mean that the Defendant is in violation of the FDCPA and if the alleged debt was not in default then the Defendant would still be in violation of the FDCPA due to the misrepresentation, false and wrong collection.

25. Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in efforts to unlawfully try to foreclose on Plaintiff's property.

26. According to the FDCPA, the only method of foreclosure that a "**debt collector**" can avail themselves to would be a judicial foreclosure, and even if

Defendant was to prevail the judgment could only be for monetary compensation not possession of real property. *See* 15 USC 1692i. 6

27.  In taking the actions Defendant has taken by illegally pre-foreclosing on Plaintiff's real property though a non-judicial foreclosure scheduled for OCTOBER 6, 2015, Defendant has made numerous violations of the FDCPA, FCRA, O.C.G.A. § 10-1-390, and Georgia's Fair Business Practices Act, O.C.G.A. Sections 10-1-393 et. Seq.

28.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due to another.

29.  Under the FDCPA 15 U.S.C. § 1692 the term **"debt collector"** means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

6 (a) **Venue**

Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) **Authorization of actions**

Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

30. Defendant here is a **debt collector** under the FDCPA. Defendant is **NOT** the creditor or lender. 7 There is no evidence presented that even comes close to proving that Defendant is a lender or creditor. So, to say that the FDCPA does not apply because Defendant is a lender or creditor would be to apply the law incorrectly and grossly harm the Plaintiff.

31. Here, in this case, Defendant admits to being a LOAN SERVICER. 8 Even Defendant's attorney, PENDERGAST & ASSOCIATES, who is also a debt collector (call the office number and they plainly state that they are trying to collect a debt) admits that the Defendant is a loan servicer, which according to the FDCPA where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "**debt collector**" and becomes obligated to comply with the FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer…is only a 'debt collector'

---

7 LENDER - Someone who makes funds available to another with the expectation that the funds will be repaid, plus any interest and/or fees.

8 **Loan servicing** is the process by which a company (servicing firm, etc.) collects interest, principal and escrow payments from a borrower. The vast majority of mortgages are backed by the government or government-sponsored entities (commonly referred to as "GSE's") through purchase by Fannie Mae, Freddie Mac or Ginnie Mae (which purchases loans insured by the Federal Housing Administration (FHA). **Because the GSE's and private loan investors typically do not service the mortgage loans that they purchase, the bank who sells the mortgage will generally retain the right to service the mortgage pursuant to a master servicing agreement**.

In exchange for performing these activities, the servicer generally receives contractually specified servicing fees and other ancillary sources of income such as float and late charges. Mortgage servicing became "far more profitable during the housing boom", and some servicers targeted borrowers "less likely to make timely payments" in order to collect more late fees.

within the meaning of the FDCPA if it acquires the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2ⁿᵈ Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provider was, in fact, a debt collector). 9

32.   Federal courts have held that servicing companies must comply with the FDCPA. 10

33.   A Federal District Court within the Ninth Circuit Court of Appeals has held that WELLS FARGO BANK may be a debt collector required to comply with the FDCPA. *See Williams v. Wells Fargo Bank, N.A., Et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012).

34.   In *Williams*, the consumers alleged WELLS FARGO BANK was in violation of Federal debt collection laws by failing to provide verification of the alleged debt. 15 U.S.C. § 1692, et Seq. In their motion to have the lawsuit dismissed,

---

**9** In Defendant's NOTICE OF SALE UNDER POWER, published in the <u>Gwinnett Daily Post,</u> at the top of the listing it states in BOLD LETTERS **"THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

**10** On December 2, 2010, David S. Williams and Christine L. Williams filed a lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo "). Their lawsuit alleged Wells Fargo violated the federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Washington Consumer Protection Act, in relation to a wrongful foreclosure of their home. Basically, the consumers argued their home mortgage had been refinanced and Wells Fargo had already been paid.

WELLS did not claim that the bank had provided verification of the debt to the consumers. 11

35.   Instead, the bank asserted two reasons the case should be dismissed. First it argued it was not a debt collector under the FDCPA. They argued that the FDCPA only applies to "parties collecting the debt of another," 15 U.S.C. § 1692(a)(6), and that "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the FDCPA. Id. (citing *Caballero v. Ocwen Loan Servicing*, 2009 U.S. Dist. LEXIS 45213, 2009 WL 1528128, at *1 (N.D. Cal, 2009) and *Glover v. Fremont Inv. And Loan*, 2009 WL 6114001, at *8 (N.D. Cal. 2009).

36.   Simply put, WELLS FARGO BANK claimed that the FDCPA does not apply in a non-judicial foreclosure proceeding.

37.   They argued that when there is a typical foreclosure on a security deed, (where there is no lawsuit filed by the bank), the bank is not attempting to collect money, and thus they are not really attempting to collect a debt.

38.   The Federal Court disagreed with the bank on both grounds. The Court reasoned that the term **"debt collector"** applies to those who acquired the debt

---

11 The Fair Debt Collection Practices Act as codified at 15 USC § 1692 et seq. (and as abundantly pointed out within the Administrative Remedy Demand), declares that a debt collector must -- if requested by a QWR -- provide a verification of the alleged debt, i.e. validate the debt. Per the FDCPA, the debt collector is mandated to cease all collection activity and any foreclosure proceedings until verification is provided. Plaintiff has mailed a Qualified Written Request for verification to the Defendant with no results.

when it was already in default. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).

39.   The Court noted that WELLS admitted the debt had already been in default when the security deed was assigned to WELLS FARGO BANK, and thus the bank met the definition of a debt collector under the FDCPA.

40.   Next, the Court ruled on the issue of whether foreclosing on a property could be considered an attempt to collect a debt. "Although the Court is aware of district court cases that have held that the act of foreclosing on a property is not "debt collection" under the FDCPA, this Court has not adopted such a per se holding and it will not do so here. *See Albers v. Wells Fargo Mortg.* LLC, 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, a *2 (E.D. Wash. Jan. 3, 2011) (citing cases).

41.   Nothing in the statute compels the Court to create an exception to the definition of "debt collector," as WELLS proposes, where a party is non-judicially enforcing on a security instrument rather than pursuing debt collection through more traditional means. To the contrary, **courts have reasoned that as long as a Defendant(s) meet(s) the statutory definition of debt collector, "they can be covered by all sections of the Act…regardless of whether they also enforce security interest."** *See Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 378 (4th Cir. 2006)(referring to § 1692f(6) as an inclusive provision); *see* also *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2005) (noting that "the

entire FDCPA can apply to a party whose principal business is enforcing security interest but who nevertheless fits § 1692f(6)'s general definition of debt collector").

42.  Here, the Court should note that the alleged debt claimed by Defendant was in default when the security deed was assigned, and **thus Defendant meets the definition of a debt collector under the FDCPA.**

43.  **Defendant is not a CREDITOR or a LENDER.**  12

44.  In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "**debt collector**" and becomes obligated to comply with the FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer…is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs,. Inc,.* 333 F.3d 82 (2d Cir.2003) (holding that a debt was in "default" and a service provider was a "**debt collector**," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provider was, in fact, a **debt collector**).

---

12 "Subordination does not create a security interest [secured creditor] as against either the common debtor or a subordinated creditor."  Uniform Commercial Code § 1-310 Subordinated Obligations

45.   Furthermore, Plaintiff is a "**consumer**" as that term is defined in 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681, and CA Code 1788.2(c), since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes. 13

46.   Plaintiff does not have a contract with the Defendant 21ST MORTGAGE CORPORATION.

47.   To the best of Plaintiff's knowledge and belief, Defendant has used the mails of the United States to attempt to collect from Plaintiff an alleged debt purportedly previously owed to an "original creditor," other than the Defendant, which has purportedly been "charged off" for tax purposes.

48.   Defendant has violated 15 U.S.C. § 1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action.

49.   Said false, deceptive and misleading representations were and have been made and are being made to credit reporting bureaus and others as more specifically set out hereafter.

---

13 The law primarily uses the notion of the consumer in relation to consumer protection laws, and the definition of consumer is often restricted to living persons (i.e. not corporations or businesses) and excludes commercial users. A typical legal rationale for protecting the consumer is based on the notion of policing market failures and inefficiencies, such as inequalities of bargaining power between a consumer and a business. As of all potential voters are also consumers, consumer protection takes on a clear political significance.

50.   Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendant. 14

51.   Defendant has violated the FDCPA, U.S.C. § 1692d because it has engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the alleged attempt to collect on this debt and foreclosure of Plaintiff's property.

52.   Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff. Defendant knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the Plaintiff.

---

14 A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

 (2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

 (4) The representation or implication that nonpayment of any debt will result in … attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this subchapter.

 (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

 (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. Defendant violated the FDCPA, and is liable to Plaintiff for statutory, actual, and punitive damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. § 1692e, et Seq. and 15 U.S.C. § 1692d, et Seq.

54. Defendant has knowingly, intentionally, deliberately, and fraudulently misrepresented, and/or mislead what Plaintiff's legal status, character, and/or amount of the debt was in violation of 15 U.S.C. § 1692e(2), and in violation of U.S.C. § 1692e(10).

55. Defendant has not verified or produced: any accounting or financial records, including the above records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc. or their current license in the state of Georgia to act as a **debt collector**. 15

56. Defendant's foreclosure mill attorney, PENDERGAST & ASSOCIATES, is also a debt collector and who has admitted to being one through their voice recordings and correspondence.

57. In their correspondence letters PENDERGAST & ASSOCIATES misrepresents and harasses Plaintiff and attempts to intimidate him into paying for

---

15 Plaintiff has asked the Defendant to produce the accounting of all charges on, against or towards the loan, including all credits, debits, and set offs plus the productions of IRS Form 1066 along with all the Schedules and Appendixes including "J" and "Q". Since Plaintiff's note was "assigned" to a REMIC Trust. Also the Plaintiff has asked the Defendant for a copy of the "Bailee Letter."

an alleged debt in which he does not know who the servicer is, nor has he taken the time to do his due diligence to find out whether or not the alleged debt is real.

## FIRST CLAIM FOR RELIEF

## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),

## 15 U.S.C. § 1692 ET SEQ.

58.   Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

59.   Plaintiff is a "**consumer**" as defined by 15 U.S.C. § 1692a(3).

60.   Defendant has violated the FDCPA in connection with attempts to collect against an account against Plaintiff. Defendant's violations include, but are not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10), 1692g and 1692i.

61.   Defendant has violated FDCPA 15 U.S.C. § 1692j, as Plaintiff believed they were acting on behalf of the actual creditor, however, in reality they were engaging in conduct of which the natural consequence was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; and they also used false, deceptive, or misleading representations or means in connection with the collection of a debt; supported by the unauthenticated robo-signed assignment; and thus violated the FDCPA.  16

62.   As of the date of this filing Defendant has <u>failed to validate the alleged debt,</u> which is a violation of FDCPA 15 U.S.C. § 1692g, in spite of the fact that they have placed a negative entry on the consumer's credit report.

63.   A unlawful, fraudulent non-judicial foreclosure by a **"Debt Collector"** attempting to seize real property violates FDCPA 15 U.S.C. § 1692i.

64.   Failure to Validate the alleged debt as required is a violation of 15 U.S.C. § 1692g.  Plaintiff sent Defendant a registered certified NOTICE OF VERIFICATION which the Defendant has ignored.

65.   Plaintiff alleges that Defendant routinely ignored, and violated FDCPA to enhance their own profits, starting on or around February 2013, until the present.

66.   Defendant has sent an assortment of correspondence to Plaintiff (as so did the Plaintiff's attorney) which state that <u>this is an attempt to collect a debt,</u> which clearly states that their communication is from a **debt collector**, in an attempt to collect a debt. *See* footnote #8.

67.   However, they wrongfully state that their actions are that of a **creditor**.

---

16 When the Bank is asked to produce the ORIGINAL CONTRACT NOTE/PROMISSORY NOTE/LOAN AGREEMENT they have difficulty in so doing. Why? Well, 99% of the time the debt has been bundled up and sold on and on and on in the sub-prime and descending levels of banking debauchery. No one really knows where the notes are. In many foreclosure instances the foreclosure documents are ROBO-SIGNED by clerks and people who have no idea what they are signing and HAVE NOT VERIFIED THE STATE OF THE CONTRACT. In addition once the primary lender (the only one who can enforce it and is party to the original contract by the way!) has written off the loan and passed it to the collection agency or secondary party he has "received his pound of flesh" and the loan amount should be written off as either the government bailout covers the loss or the tax breaks cover the loss as a "write off."

68.  Plaintiff is very confused by who they are especially; because he has no records of ever signing any sort of contract with the Defendant, and they have failed numerous times to clearly identify themselves as requested.

69.  Defendant's conduct was negligent and/or willful, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiff, 1692g(b).

70.  As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to FDCPA 15 U.S.C. § 1692(k) a 1.

71.  As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to FDCPA 15 U.S.C. § 1692(k) a 2 a.

72.  As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) a 3.

73.  As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial and the foreclosure sale should be set aside.

74.   An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

75.   Based on the allegations above and further set forth herein, Defendant violated FDCPA 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation; Continuing to pursue collection of disputed and unverified debt; foreclosing on Plaintiff's property to sell it; forcing Plaintiff to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

76.   Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to the Plaintiff.

77.   Information, which Defendant and Defendant's legal counsel knew or should have known to be false – including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendant and/or that Defendant is the original creditor of said alleged debt.

78. Upon information and belief, Defendant is in violations of FDCPA 15 U.S.C. § 1692e(8), because Defendant failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff has disputed the alleged debt.

79. Under the FDCPA 15 U.S.C. § 1692f – a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

80. In *Armacost v. HSBC Bank USA*, No. 10-CV-0274-EJL-LMB, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the Plaintiffs generally alleged violations of FDCPA 15 U.S.C. § 1692f and argued that Defendants did not have standing to foreclose on the deed of trust. **Defendant here also does not have standing to foreclose.**

81. The court first noted that the definition of "debt collection" found in FDCPA 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of this title, [a debt collector] also includes the principal purpose of which is the enforcement of security interests." *Id*. It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no

present right to possession of the property claimed as collateral through an enforceable security interest." *Id*. At n.5 (quoting 15 U.S.C. § 1692f(6). The case stated, "if 'debt collection' generally included the enforcement of a security interest, the language specifying so for the purposes of § 1692f(6) would be surplusage, and such a construction would violate a 'long standing canon of statutory construction' that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Id*. (quoting *Beck v. Prupis*, 529 U.S. 494, 506 (2000)) (footnote omitted). The court thus concluded that while "a non-judicial foreclosure action generally does not constitute a 'debt collection activity' under the FDCPA," **an exception to this rule** existed for claims under 15 U.S.C. § 1692f(6) *Id*.

82.  By falsely representing that Defendant is either an assignee of an original creditor, and/or that said alleged assignment constitutes a proper, competent, or valid assignment between Defendant and the original creditor of any alleged debt by any alleged original creditor to Defendant, and/or that Defendant is the original creditor, Defendant has made material false and misleading representations, and have further communicated to the Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the **"re-aging"** of said debt, the false and misleading representation and impression that the Defendant is

the original creditor of said debt, and other material false and misleading

representations, and has violated FDCPA 15 U.S.C. § 1692e,   15 U.S.C. §

1692e(8),  § 1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f.  17

83.  Defendant either knew or should have known all of the above.

84.  By reporting that Plaintiff had an account, and with Defendant reporting this

to credit bureaus this was misleading information regarding the nature and/or status

of said alleged debt with respect to such matters as the identity of the original

creditor, the relevant dates and ages of said alleged debt, and other matters which

Defendant knew or should have known would mislead, Defendant has violated 15

U.S.C. § 1692e(2)(A), § 1692e(8), § 1692e(10) and § 1692k(a)(3).

85.  The FDCPA, § 1692k, provides for actual damages, statutory damages up to

one-thousand dollars per violation, costs of the action and reasonable attorneys'

fees.

86.  Plaintiff has suffered actual damages as the proximate and actual cause and

result of the violations of the FDCPA by Defendant to be determined at trial.

---

17 One of the fundamental tenets of our legal system is expressed in what is called the "statute of limitations." This is a term heard in both civil and criminal litigation, and it refers to a certain amount of time that someone has to bring an action against another party. It is set by statute, either federal or state. The same situation exists with civil matters, such as collecting on debt. There is a statute of limitation under which creditors (or collectors) may file suit to collect that debt. It varies from six to seven years in the state of Georgia. But that doesn't prevent them from trying to collect on the debt outside of court, and that's where the **term "re-aging" comes into play**.
Let's say you have a bad debt. You are beyond the statute of limitations. A friendly collector contacts you about what you owe. If you make a payment of even a dollar, or so much as tell him on the phone that you'll pay, you may trigger "re-aging" – which starts the statute of limitations clock all over again.

Defendant is liable to Plaintiff for statutory damages as prescribed by §

1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be

determined at time of trial with reasonable attorneys' fees and costs pursuant to §

1692k(a)(3).

87.   It seems that the reference number that Defendant instructs Plaintiff to use

when making payments is different from that which was provided by the original

lender MORTGAGE LENDERS NETWORK USA. If Defendant is the servicer of

the loan and is acting on behalf of the original lender why would Defendant change

the number to which Plaintiff's payments were applied?

88.   This leads Plaintiff to believe the payments will be misapplied, incorrect

credit would be issued, and which make the Plaintiff vulnerable to future

collections by the original debt as these payments will not be properly applied. 18

89.   Courts carefully scrutinize non-judicial foreclosures and set them aside if the

borrower's rights have been violated. *See Stirton v. Pastor* (1960) 2 Cal. Rptr. 135,

177 Cal. App. 2d 232.

---

18 False Servicer Fees: The banks farmed out mortgage servicing to their own subsidiaries, "misplacing" payments that ought to have gone to the securities holders. **This was in order to claim borrowers were delinquent so that the servicers could squeeze late fees and default fees and extra interest out of them.** Investors in the securities would be last in line, with the servicers maximizing their own incomes and protecting the interests of their mother banks. This is why **the servicers make it so difficult to modify the loan—which is in the interests of the borrowers and the investors, but against the interest of the banks.** And they created MERS to operate as a foreclosure steam roller, which outsourced the foreclosures back to the servicers with deputized "vice presidents" pretending to be officers of MERS **in order to scam the courts.**

90. Plaintiff hereby prays for actual damages under the FDCPA and for statutory damages as set forth above for each and every violation of the FDCPA proven at the trial of this case and reasonable attorneys' fees and costs thereunder.

## SECOND CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

91. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

92. Defendant by their own admission is a "**debt collector**" pursuant to 15 U.S.C. § 1692a(6), and 15 U.S.C. § 1691n.

93. Plaintiff is a "**consumer**" as that term is defined in 15 U.S.C. § 1692a(3), and 15 U.S.C. § 1691.

94. Defendant is not a creditor as they have mislead the Plaintiff [consumer] in believing, by sending confusing and conflicting documents making it difficult if not impossible for a consumer/homeowner to clearly identify what their true identity is. According to 15 U.S.C. § 1692a(6) and by their own admission they are debt collectors, however, their conduct and wrongful statements would lead one to believe that they might possibly be the actual creditor.

95. Plaintiff has not applied for, neither has he received any services, insurance, employment or credit with Defendant. Additionally, Defendant obtained Plaintiff's

consumer credit report and made an inquiry on his report. Defendant obtained the
credit report by misrepresenting to the credit bureaus that they had a right to run
Plaintiff's credit. Therefore, Defendants intrusion into counter Plaintiff's personal
credit file constitutes a willful and negligent violation of 15 U.S.C. § 1681q, which
is a criminal offence (felony) punishable under Title 18 § USC, the penalty being a
fine and/or two years imprisonment.

96.  Under the FCRA, 15 U.S.C. § 1681, et Seq., consumer agencies are
authorized to furnish consumer reports only for certain "permissible purposes." If
the credit transaction is not initiated by the consumer, the consumer agency is
further restricted, and may issue a credit report only if, among other things, "the
transaction of a firm offer of credit..." See 15 U.S.C. § 1681b(c)(I)(B)(i).

97.  Plaintiff asserts that Defendant violated § 1681b(c) by obtaining credit
information without a "permissible purpose." As stated above Defendant obtained
Plaintiff's personal credit file, made inquiries and negative entries on his credit
report without permission and without a permissible purpose; there was absolutely
no reason for Defendant to obtain Plaintiff's credit report. Thus, Defendant is in
violation of the FCRA.

98.  Plaintiff believes Defendant has misrepresented the status of the account with
the original lender MORTGAGE LENDERS NETWORK USA. According to
Plaintiff's credit report the account with the original lender has been paid or is

being paid as agreed, which leads Plaintiff to question Defendant's attempt to validate the alleged debt they claim to be owed to them by the Plaintiff.

99. As a result of Defendant's knowingly and willfully request and receipt of information on the Plaintiff from consumer reporting agencies under false pretenses, Defendant is liable to the Plaintiff under the FCRA.

100. Pursuant to 15 U.S.C. § 1681q and 15 U.S.C. § 1681n any person who knowingly and willingly obtains information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the costs of this action together with reasonable attorneys' fees.

101. As a result of Unknown Persons request and receipt of consumer report under false pretenses or knowingly without a permissible purpose. Unknown Persons are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or $1,000.00, whichever is greater, (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

102. As the principle of its agents, Defendant is unknown to the Plaintiff and is liable to the Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of unknown persons.

103.  As a result of Defendant's negligent failure to comply with the FCRA,

Defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual

damages sustained by Plaintiff as a result of said failure and (ii) the cost of the

action together with reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

### NEGLIGENCE

104.  Plaintiff incorporates the allegations in all preceding paragraphs as if fully

set forth herein.

105.  At all times herein, Defendant has a duty to exercise reasonable care and

skill to maintain proper and accurate records, but not limited to, foreclosing on

Plaintiff's property then selling it when it does not have the legal authority and

proper documentation to do so.

106.  Also, in failing to conduct a reasonable investigation and correction of false

information in response to Plaintiff's credit reporting dispute. Defendant

negligently failed to comply with the requirements of the FCRA. 19

107.  As a result of Defendant's failure to comply with the requirements of the

FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including

---

19 The **Fair Credit Reporting Act** (**FCRA**) is a United States federal law (codified at Title 15 United
States Code Section 1681 and following) that regulates the collection, dissemination, and use of consumer
information, including consumer credit information.

economic loss, denial of credit, lost opportunity to receive credit, damages to reputation, emotional distress, and interference with Plaintiff's normal and usual activism for which Plaintiff sees damages in an amount to be determined by the jury.

108.   As a direct and proximate result of the negligence and carelessness of the Defendant as set forth above, Plaintiff, suffered, and continues to suffer, general and special damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109.   Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

110.   Defendants acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights.

111.   Plaintiff's emotional distress includes, but is not limited to, extreme humiliation, anxiety and loss of sleep. As a result of the Defendant's conduct, Plaintiff has suffered compensatory, general, and special damages in an amount according to proof. Additionally, Defendant acted with malice, fraud, oppression by attempting to take Plaintiff's real property through foreclosure when they have

no legal right to do so, and thus, Plaintiff is entitled to an award of punitive damages. And the foreclosure must be set aside.

## FIFTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT/QUIET TITLE

112. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

113. In the state of Georgia, an action to **QUIET TITLE** to real property is an equitable proceeding in which a party sees to settle a dispute over ownership of real property or to remove a cloud upon the title to the property.

114. Here the Plaintiff does not dispute that he has failed to make payments on his mortgage, however, an actual controversy has arisen and now exists between Plaintiff and the Defendant, concerning their respective rights and duties to the Subject Property.

115. Defendant is attempting to foreclosure on a property on the first Tuesday in October that they have no right to foreclose on and has not shown any evidence that is adequate to prove they do.

116. Plaintiff seeks a judicial determination of whether Defendant has any interest in the Subject Property to encumber, sell, lease, or otherwise dispose of the Subject Property through any means including the right to a non-judicial foreclosure. As it

is Plaintiff's understanding that even if the Defendant was legally able to perform

the scheduled non-judicial foreclosure, Georgia law clearly states that a winning

bid at a foreclosure auction is for a lien and NOT the property, so at best the

Defendant would only be entitled to a judgment of monetary compensation if this

were not a time barred alleged debt, and the statute of limitations had not run.

117. Plaintiff is seeking to **QUIET TITLE** against the Defendant as follows: the

claims of the Defendant regarding the Subject Property is without any right(s)

since Defendant is a **debt collector** and as such the Defendant has no right, title,

estate, lien, or interest whatever in the Subject Property or any part thereof.

118. Plaintiff, here, is the sole owner in fee simple of the Subject Property.

119. Plaintiff seeks to **QUIET TITLE** as of the date this complaint is filed with

the Court.

120. The foreclosure sale scheduled for OCTOBER 6, 2015 be set aside.

121. Plaintiff, here, seeks to **QUIET TITLE** against the Defendant. Defendant

has no right, title, or interest whatsoever in the Subject Property.

122. That this Honorable Court declare and decree and enter an ORDER OF

DECLARATORY RELIEF that the Plaintiff is the rightful owner of the Property

and **QUIET TITLE** in the name of the Plaintiff.

## SIXTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

123.  Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

124.  At all times herein relevant, Defendant, has wrongfully and unlawfully threatened Plaintiff's quiet enjoyment and use of its real property.

125.  Defendant's threatened conduct, unless and until enjoined and restrained by the Court will cause great and irreparable injury to the Plaintiff in that Plaintiff will be deprived of the quiet use and enjoyment of its real property.

126.  Not only will Defendant's conduct cause great and irreparable harm to Plaintiff unless and until enjoined, that same threatened conduct will cause great and irreparable harm to Plaintiff's family.

127.  Plaintiff has no adequate remedy at law for the injuries that will result from the threatened conduct of the Defendant in that it will be impossible for the Plaintiff to calculate the precise amount of damages it will suffer if the Defendant's conduct is not enjoined and restrained.

128.  In this case, the irreparable harm that the Plaintiff will suffer is obvious and enormous. Plaintiff could lose his real property and be evicted from his home. Plaintiff will incur the costs and emotional distress of losing his property and

repairing his further damaged credit history. Undeniably, Plaintiff will suffer severe damages.

## SEVENTH CAUSE OF ACTION

## WRONGFUL FORECLOSURE

129.   Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

130.   Neither MORTGAGE LENDERS NETWORK USA, Defendant, nor anyone else has recorded a transfer of beneficial interest in the Note to the Defendant.

131.   Defendant **does not have standing** to enforce the Note because the Defendant is not the owner of the Note, Defendant is not a holder of the Note, and Defendant is not a beneficiary under the Note. 20

132.   Defendant does not claim to be a holder of the Note or a beneficiary in the Notice of Sale Under Power. Defendant describes themselves as a loan servicer in the Notice of Trustee's Sale.

---

20 FANNIE MAE is at all times the owner of the Plaintiff's mortgage note, whether the note is in Fannie Mae's portfolio or whether owned as trustee, for example, as trustee for an MBS trust. In addition, Fannie Mae at all times has possession of and is the HOLDER OF THE MORTGAGE NOTE, except in the limited circumstances. Fannie Mae may have direct possession of the note or a custodian may have custody of the note, but the Defendant does not have the note. If Fannie Mae possesses the note through a document custodian, the document custodian has custody of the note for Fannie Mae's exclusive use and benefit, not for the benefit of the Defendant.

133.  Since the Defendant is a servicer, the Defendant cannot foreclose on

Plaintiff's property without authorization from the actual Lender under the terms of

the Pooling and Servicing Agreement.

134.  Plaintiff is informed and believes that the Defendant cannot produce an

original wet ink signed Note.  Defendant does not own the loan and they cannot

identify the owner of the loan.

135.  Defendant was not assigned nor sold the note by MORTGAGE LENDERS

NETWORK USA, the original holder of the Note, which would be the only

authorized entity legally able to sell or assign the Note.


## EIGHTH CAUSE OF ACTION

## GEORGIA'S FAIR BUSINESS PRACTICS ACT,

## O.C.G.A. SECTIONS 10-1-390 ET. SEQ.

136.  Plaintiff incorporates the allegations in all preceding paragraphs as if fully

set forth herein.

137.  Defendant's false and misleading statements about their services claiming to

be something other than debt collectors or servicers are violations of Georgia's

Fair Business Practices Act. 21 This law applies to consumer transactions

_____

21 **Fair Business Practices Act**
(*O.C.G.A. Sections 10-1-390 et seq.*)

involving the sale, lease or rental of goods, services or property mainly for personal, family or household goods.  Here, being that this cause of action involves a home; the Defendant is liable for this cause of action.

138.   This case involves a substantial public interest.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For Equitable relief, including an Order for Defendant to rescind all Notices of Default against Plaintiff's account and to engage in reasonable efforts to restore Plaintiff's credit to its previous standing, by entering a statement which says, "Paid as Agreed";

2. For Injunctive Relief enjoining Defendant from taking any further action against Plaintiff's property during the pendency of this action.

3. That this honorable Court enter a judgment declaring Defendant's acts and practices complained of herein to be unlawful, unfair, and fraudulent;

4. For Injunctive Relief against Defendant to prevent future wrongful conduct;

---

Georgia's Fair Business Practices Act prohibits unfair and deceptive acts or practices in the marketplace. This law applies to consumer transactions involving the sale, lease or rental of goods, services or property mainly for personal, family or household purposes. The Georgia Department of Law's Consumer Protection Unit will pursue a case of this nature whenever the Attorney General determines there is a substantial public interest.

5.  That Plaintiff recovers costs, and reasonable attorneys' fees, if incurred;

6.  That Defendant be required to specifically prove all allegations in this action;

7.  For general damages and special damages in an amount to be proven at trial, but not less than $2,000.00 per Plaintiff, pursuant to 15 U.S.C. § 1692(k) a 1;

8.  For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 U.S.C. § 1692(k) a2a;

9.  For costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)a3;

10.  For a judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA;

11.  For punitive damages;

12.  And for such other and further relief as the Court may deem just, equitable and proper.


Respectfully submitted on this 8th day of September 2015

Signature on next page

Brady Hart,
Sui Juris in Propria Persona
3211 Kittery Drive
Snellville, GA 30039
678-914-5366

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of each and every claim so triable.

Respectfully submitted on this 8th day of September 2015

Brady Hart

## **VERIFICATION**

STATE OF GEORGIA                    )

                                          ss

COUNTY OF GWINNETT            )


I, Brady Hart, proceeding in Sui Juris in Propria Persona and under penalty of perjury state the following: I am over the age of 21 and competent to testify in all matters concerning the foregoing Complaint; I have prepared and read the foregoing Complaint, the pleadings and defenses set forth herein, which comes from my first-hand knowledge, information and belief, formed after reasonable enquiry, believes that they are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that they are not interposed for any improper purpose such as or needlessly increase the cost of litigation. All of the statements are true and correct. Everything I have stated is true to the best of my knowledge and belief.


                                                         Brady Hart, Plaintiff


Sworn to and Subscribed Before Me

This ____8____ day of September, 2015

_____

NOTARY PUBLIC, State of Georgia

HOWARD F. LOWE
COM. EXP.
NOTARY
PUBLIC
Feb. 4, 2018
GWINNETT COUNTY, GEORGIA